# McKinlay *v.* Ogden, Appellant.

*Master and servant—Suit by master against servant—Moneys received from other sources.*

In an action by an employer against his employee, a salesman, to recover money claimed to have been received by the employee from a service not within the contract of employment, the case is for the jury and a verdict and judgment for the plaintiff will be sustained where it appears that both parties by their conduct regarded the money received by the employee as the property of the employer and the service wherein it was earned as within the scope of the contract of employment.

In such a case it is immaterial whether the defendant's time was wholly occupied in plaintiff's business. The question was whether such services were within the scope of the contract of employment.

18, (1915).]   Statement of Facts—Opinion of the Court.

Argued Oct. 21, 1915.   Appeal, No. 37, Oct. T., 1915, by defendant, from judgment of Municipal Ct. Sept. T., 1914, No. 32, on verdict for plaintiff in case of Peter C. McKinlay or MacKinlay v. John G. Ogden.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit for money had and received.   Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $219.45.   Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*George Albert Drovin,* for appellant.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellee.

OPINION BY KEPHART, J., December 20, 1915:

The defendant was employed as a salesman by the plaintiff, and while engaged in an unsuccessful effort to sell machinery to the Birdsboro Stoné Company for his employer, he learned that this company was in the market for, and that it might be possible to sell to them, machinery not handled by the plaintiff but handled by an agent, Vanderbeck.   He communicated these facts to his employer and also, that if Vanderbeck were successful in handling the Birdsboro order he would pay to the plaintiff for the information given a commission on the sale.   The arrangement was carried out, Vanderbeck being acquainted with the proposition by the defendant, and the machinery subsequently sold by Vanderbeck to the Birdsboro Company.   The defendant in making to the plaintiff his monthly account of business done by him,

turned over to the plaintiff's bookkeeper an account of this commission on the sale made by Vanderbeck as being money due to the plaintiff as "a part of what he had earned for McKinlay." The question was not the performance of services not strictly in the line of defendant's employment, on his master's time and at his master's expense, but it was that under his contract of employment he regarded the fruits of such services as being within the scope of his contract and as the property of the master, and it was so regarded by the master. When the defendant made the arrangement with Vanderbeck he was acting under the direction of the plaintiff, who instructed him to go ahead and make the deal. This was done under what both parties considered at the time as being within the scope of the defendant's contract, which being oral, was for the jury to determine. The matter with which the contract dealt was clearly within the power of the parties to deal with. The jury found the facts in favor of the plaintiff. The letters from the Jeffrey Manufacturing Company would furnish no aid in determining the terms of the contract between the parties to this litigation, nor would they show in what light they regarded this particular transaction. They did not sustain a different relation than here contended for, and had they been material, they were improperly offered when the plaintiff was submitting his case in chief, on cross-examination of the plaintiff's witnesses by the defendant's counsel. It was immaterial whether the defendant's time was wholly occupied in the plaintiff's business. The question here concerned this particular transaction, and whether it was embraced within the oral contract of employment made between the parties to this suit. The jury has found that it was. The assignment to the charge of the court is not within the rules and could very properly be disregarded, but a careful examination of the charge shows that there was nothing in it harmful to the defendant's case.

The assignments of error are overruled, and the judgment is affirmed.